Milton M. Livingston, Jr., of McMurry & Livingston, Paducah, H. E. Miller, Asst. Gen. Counsel, Wells Fargo Armored Service Corp., Atlanta, Ga., for appellant.

James L. Hardy, J. David Boswell, Terrell, Schultzman & Hardy, Paducah, for appellee.

CATINNA, Commissioner.

Christine Knight appeals from a judgment entered pursuant to a jury verdict denying her claim for damages against George Ryan Company, Inc. We reverse because the instructions were erroneous and, therefore, do not pass upon other asserted errors, as it is unlikely they will occur upon a retrial.

Helm's Hatchery, a feed store, was located at the intersection of Third and Washington Streets in Paducah. Prior to October 3, 1969, George Ryan Company, Inc., pursuant to the terms of a contract with the City of Paducah, was in the process of replacing the sidewalks upon both Washington and Third Streets. The sidewalk had been completed on the Washington Street side of the hatchery; however, on the Third Street side the old sidewalk had been removed and an excavation made preparatory to the placement of forms for the pouring of the new sidewalk. As work progressed along Third Street, Ryan Company placed yellow blinker barricades adjacent to the curb so that automobiles would not be parked in the area of the sidewalk. The spacing of the blinker lights was such that automobiles could be parked between them on the side of the street next to Helm's Hatchery. There was a front entrance to the hatchery on the Third Street side at the corner nearest Washington Street. The sidewalk area between the street and the entrance, which had been excavated, was smooth dirt. Near the outer edge of the proposed sidewalk there was an iron-rail sidewalk form lying on its side in the excavation area parallel to the street and opposite the Third Street entrance. A staging line used to line up the forms was stretched along the outer edge of the sidewalk and over the iron rail at a height of approximately two to three inches.

On October 3, 1969, Christine parked her automobile on Third Street near the entrance to the hatchery. She got out of the automobile and successfully stepped over the iron rail and the staging line and entered the hatchery where she purchased some feed. Upon returning to her automobile she stepped over the railing, but her foot caught in the staging line, causing her to fall.

She filed an action against Ryan Company seeking to recover for damages sustained by reason of the fall, claiming that the company was negligent in the manner in which it maintained the staging line along the area opposite the Third Street entrance to Helm's Hatchery. She testified that at the time she went into the building she stepped over the iron railing but did not see or encounter the staging line. However, as she returned to her car she stepped over the rail with her right foot, but her left foot caught in the string and tripped her, causing her to fall on an iron grating. She states that she did not see the string at any time before she tripped and fell, and even after she fell she didn't see it until she reached down with her left hand and took her foot out. She describes this string as being a "dirty brown in color." The rail was described as being a "black brownish metal rail." The color of the string was such that it blended with that of the rail, rendering the string practically indistinguishable. Her explanation of her fall on the return trip is that the rail was lying kind of "catty-cornered," while the string was stretched in a straight line, and that she successfully entered the store by one route and fell when she returned to her automobile by a different route.

Fred Austin, who operated the hatchery, said that he had been aware of the presence of the string which, as he described it, had been placed there to line up the rail. He said that it was "dark or earthen colored" and that he couldn't tell the difference in the color of the string and the rail. When Christine fell, Austin went to her assistance and even though he was aware of the presence of the string the colors made it so inconspicuous that he tripped over it.

Richard T. Byrd testified that he had upon occasions observed the string and that it was about the same color as the iron rail.

Ryan claims that the area where Christine fell was under construction and that she had no right to walk across it in order to reach the hatchery. John Arnold, an employee of the Ryan Company and supervisor of the job, readily admitted the presence of the staging line. He further testified that no effort had been made to rope off the area near the hatchery, nor were any signs erected to warn the public of the presence of the staging line. The line had no distinctive markings which would warn anyone of its presence.

The evidence is rather conclusive that everyone involved knew that customers of the hatchery were parking on Third Street and crossing the excavated sidewalk area to the hatchery entrance. Arnold testified that he knew that customers of the hatchery were going back and forth across the excavated area. He admitted that on the day Christine was injured he had observed numerous people using the same route that Christine did in getting to the hatchery.

Joseph H. Cash, who was working for Ryan Company, testified that he knew people had used the same route employed by Christine and that on the day she was injured he observed several people crossing in this general area. Cash is the only witness who in any wise indicated that precautionary measures had been taken to protect the traveling public. He claims that the area had been marked off with a "phosphate line" (apparently a phosphorescent line). However, he is the only one to testify about the line. Arnold stated that it was not there, and Austin, the hatchery operator, said that at no time had there been a phosphorescent tape or line stretched so as to exclude people from the

construction site. Austin also testified that cars had been parking on Third Street and people coming into the hatchery by way of the Third Street entrance during all the time Ryan Company was in the process of preparing for the new sidewalk. All of them used the excavated area after work had progressed to that stage.

■ Ryan Company asserts that it was entitled to a directed verdict because Christine was contributorily negligent as a matter of law and, further, that there was insufficient evidence of negligence on the part of Ryan Company to create a jury issue. However, the evidence establishes a jury issue as to whether Christine saw the stretched staging line at any time prior to the accident. The evidence is not disputed in regard to the brownish, dirty color of the string which caused it to blend into the color of the iron rail to such an extent that its visibility was substantially reduced. We are of the opinion that this evidence was of such character that the court did not commit error in overruling the motion for a directed verdict and, further, that it was justified in submitting the question of Christine's contributory negligence to the jury. Likewise, the admitted failure of Ryan Company to warn the public of the existence and location of the staging line or to exclude the public from the area created a sufficient showing of negligence on the part of Ryan Company so as to create a jury issue.

Christine complains of Instructions Nos. 1 and 2 as given by the court which read as follows:

"1. If you believe from the evidence that the defendant knowingly permitted the plaintiff to run upon a hidden peril or wantonly caused her harm, and that as a direct and proximate result thereof, she received the injuries complained of by her, and if you further believe that the plaintiff was not herself guilty of negligence as hereinafter set out, then the law is for the plaintiff and you shall

so find, but unless you so believe, the law is for the defendant, and you shall so find.

"2. It was the duty of the plaintiff to exercise ordinary care generally while traversing the construction area and to make reasonable use of her own faculties to observe and avoid dangers upon the premises. If you shall believe from the evidence that she failed to observe and perform this duty, and that such failure, if any, contributed to cause or bring about the injuries complained of by her, then the law is for the defendant, and you shall so find."

■ Christine argues that it was error to classify her as a licensee and thereby place a lesser duty than that of ordinary care on Ryan Company. Relieving the Ryan Company of the obligation to exercise this degree of care had the effect also of increasing the degree of care required of her beyond that of ordinary care. We have recently reconsidered our position in regard to duties owed trespassers, licensees, and invitees. Cf. Hardin v. Harris, Ky., 507 S.W.2d 172 (1974). The use of sidewalks and public ways, even while under construction or repair, by members of the general public is to be expected. In such event a contractor, while engaged in the construction or repair of sidewalks or public ways, must conduct his activities with reasonable care for the safety of those he may expect to be in the danger area. This standard of care is required without regard to whether the person is an invitee or licensee. See Gnau v. Ackerman, 166 Ky. 258, 179 S.W. 217 (1915), for an exemplary discussion of the duties owed the public by those engaged in construction activities on a public way.

■ Instruction No. 1 does not require that Ryan Company exercise ordinary care for the safety of Christine and is for that reason erroneous.

Upon a retrial of this case, if the evidence is substantially the same, there

should be substituted for Instruction No. 1 the following:

It was the duty of George Ryan Company, Inc., and its employees in conducting their work within the sidewalk area to exercise ordinary care to provide reasonable safeguards against injury or damage to persons traveling upon it, including the plaintiff, Christine Knight, by reason of their activities. If you believe from the evidence that said company and its employees failed to comply with this duty and that such failure was a substantial factor in causing Christine Knight's injury, you will find in her favor; but unless you so believe, you will find for the defendant, George Ryan Company, Inc.

Christine asserts that Instruction No. 2, as given, placed a duty upon her of observing and avoiding hidden defects and deceptive conditions. She claims that the only duty that was required was that at the time she exercise ordinary care for her own safety. Although the requirement that she exercise ordinary care for her own safety includes a duty to make reasonable use of her faculties to observe and discover conditions of danger, the inclusion of this requirement as a part of the instruction, in addition to being mere surplusage, tends to overemphasize certain aspects of the duty required in the exercise of ordinary care.

In view of this circumstance, we are of the opinion that upon a retrial of this case there should be substituted for Instruction No. 2 the following:

It was the duty of Christine Knight to exercise ordinary care for her own safety. Even though you might otherwise find in her favor under Instruction 1, if you further believe from the evidence that she failed to do so and that such failure on her part was a substantial fac-

tor in causing the accident, you will find for the defendant.

The judgment is reversed with directions that Christine Knight be granted a new trial.

All concur.